UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE B. MILLINER,<br><br>Petitioner,<br><br>v.<br><br>THOMAS H. BOCK, et al.,<br><br>Respondents. | Case No. 20-cv-01564-JSC<br><br>**ORDER RE: PETITION TO CONFIRM ARBITRATION AWARD; RESPONDENTS' MOTION TO VACATE ARBITRATION AWARD**<br><br>Re: Dkt. Nos. 1 & 10 |

Pursuant to the Federal Arbitration Act ("FAA"), Charlotte B. Milliner, as trustee of the Charlotte B. Milliner Trust and as owner and holder of the Charlotte B. Milliner SEP IRA, ("Petitioner" or "Ms. Milliner"), seeks an order confirming an arbitration award issued in her favor by the Financial Industry Regulatory Association ("FINRA"). (Dkt. No. 1.)[1]  Thomas H. Bock and Mary C. Evans (together, "Respondents") move to vacate the same award.[2] (Dkt. No. 10.) After careful consideration of the parties' briefing the Court concludes that oral argument is unnecessary, *see* Civil Local Rule 7-1(b), vacates the hearing scheduled for June 18, 2020, and DENIES Respondents' motion to vacate and CONFIRMS the arbitration award for the reasons stated below.

**BACKGROUND**

In December 2014 Petitioner filed a statement of claim with FINRA against Respondents, Mutual Securities, Inc. ("MSI"), and Bock Evans Financial Counsel, Ltd. ("BEFC").[3]  (Dkt. No.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).  (Dkt. Nos. 8 & 9-2.)
[3] The arbitration panel did not adjudicate Petitioner's claims against BEFC because the BEFC was

1-1 at 2.) Petitioner alleged that Respondents, as licensed and registered principals of MSI, a broker-dealer registered with FINRA, violated federal law and state law and FINRA rules in managing an investment account funded by Petitioner's retirement savings.[4] (Dkt. No. 1-1 at 2-3.) Petitioner asserted multiple claims and sought over $3 million in compensatory damages. (*Id.* at 3.) Petitioner served her statement of claim on Respondents in January 2015. (Dkt. No. 13-1, Ex. A at 2.) Respondents, as FINRA-regulated financial advisors, agreed to submit to FINRA arbitration in February 2015. (Dkt. Nos. 1 at ¶ 9 & 10 at 6-7; *see also* Dkt. No. 1-3, Ex. 3.) The FINRA Arbitration Submission Agreement provides, in pertinent part:

> The parties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement. The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.[5]

(Dkt. No. 1-3, Ex. 3 at 2-5.)

The parties stipulated to a stay of proceedings in March 2016 pending related litigation in federal court; specifically, a class action suit Petitioner brought against MSI. (Dkt. No. 1-1 at 4.) In June 2019 Petitioner notified the FINRA arbitration panel ("the Panel") that the district court dismissed the case against MSI, and the arbitration was reactivated on June 26, 2019. (Dkt. Nos. 1-1 at 4; 10 at 7; Dkt. No. 10-1, Ex. 3 at 108.) Petitioner then submitted a letter to the Panel advising it that Petitioner had settled with MSI and was dismissing her claims against MSI. (Dkt. No. 1-1 at 4.)

The Panel held an "Initial Prehearing Conference"[6] with the parties on July 26, 2019,

---

not a FINRA member and thus did not voluntarily submit to FINRA arbitration. (Dkt. No. 1-1 at 4.)
[4] The conduct at issue in the FINRA arbitration was also the subject of two actions brought by Petitioner in the district court. *See Milliner v. Bock Evans Fin. Counsel, Ltd.*, 15-cv-01763-JD (N.D. Cal. Apr. 20, 2015); *Milliner v. Mutual Sec., Inc.*, No. 4:15-cv-03354-DMR (N.D. Cal. July 21, 2015).
[5] There is no dispute that the Northern District of California has jurisdiction over the award.
[6] Although the document characterizes the July 2019 hearing as an "Initial Prehearing Conference," the record reflects that the Panel held previous hearings with the parties. (*See* Dkt. No. 10-1, Ex. 12 at 198 (FINRA award recognizing that the Panel held "pre-hearing conference[s]" on July 27, 2015 and March 21, 2016).)

United States District Court
Northern District of California

during which it set the arbitration hearing dates for November 12-13, 2019.  (Dkt. No. 10-1, Ex. 4 at 111, 113.)  The Panel set September 6, 2019 as the "[l]ast day to serve discovery requests" and November 8, 2019 as the deadline to respond to discovery requests.  (*Id.* at 114 ("The parties have agreed that responses to discovery requests are due 11/08/2019").)  Further, the parties' prehearing briefs and witness lists were both due by November 1, 2019.  (*Id.* at 116.)

On September 12, 2019, Respondents moved pursuant to the FINRA arbitration rules ("FINRA Rules") to postpone the hearing because the discovery response deadline of November 8 provided "only two business days before the scheduled hearing" in which to review the responses.  Thus, Respondents asserted that the deadline was impractical because: (1) the deadline "prevents the parties from complying with FINRA Rule 12514, requiring that the parties exchange proposed exhibits at least 20-days before the first scheduled hearing session"; (2) the deadline prevents the parties from complying with FINRA Rule 12503, which requires that motions to compel discovery "be made at least 20 days before a scheduled hearing" and provides a briefing schedule for such motions; and (3) the propounding party would not know until November 8, 2019 whether "documents requested in discovery may be appropriately subpoenaed from a non-party" because the opposing party objected to the requested discovery.  (Dkt. No. 10-1, Ex. 5 at 119-22.)  Respondents requested to postpone the hearing to give the parties "an appropriate amount of time to execute discovery and respond accordingly," allow "a discovery dispute hearing if necessary," and enable the parties to "adequately prepare the case for hearing."  (*Id.* at 121.)  Petitioner opposed the motion on the grounds that Respondents argued only "that they *may* need more time to complete discovery, but fail to identify anything they need that they don't already have," and that Respondents failed to meet and confer in good faith to resolve the issue.  (Dkt. No. 13-2, Ex. B at 2-6.)  The Panel denied Respondents' motion to postpone without comment on October 5, 2019.  (Dkt. No. 10-1, Ex. 6 at 125-26.)

The parties served their discovery responses by the November 8, 2019 deadline.  Petitioner "objected to every discovery request and did not provide any responding documents."  (Dkt. Nos. 10 at 8 & 10-1, Ex. 9 at 178-85 (Petitioner's "Response to Request for Documents and Information").)  Respondents did not file a motion to compel.  (*See* Dkt. No. 10 at 17-18.)

The arbitration commenced as scheduled on November 12-13, 2019. At the conclusion of the hearing, the Panel asked both parties to provide additional evidence. First, the Panel asked Petitioner to provide 'third party statements confirming that the stocks that Respondents had purchased into the Accounts had been liquidated." (Dkt. No. 12 at 13-14.) Petitioner provided the requested documents on November 18, 2019. (Dkt. Nos. 12 at 14 & 13-3, Ex. C at 2.) The Panel also "orally asked Respondents to see if non-party MSI would voluntarily produce certain documents. Respondents provided all responsive documents provided by MSI to the [P]anel on November 26, 2019." (Dkt. No. 10 at 9; *see also* Dkt. No. 13-4, Ex. D.) On December 3, 2019, the Panel again requested additional information before rendering its decision; specifically, certain information sought by Respondents in their request for production. (*See* Dkt. No. 10-1, Ex. 10 at 188.) Petitioner responded to the Panel's request and provided responsive documents on December 13, 2019. (Dkt. No. 10-1, Ex. 11 at 190-94.)

The Panel issued a unanimous award in Petitioner's favor on January 13, 2020, finding Respondents jointly and severally liable and awarding Petitioner $773,527.13 in compensatory damages. (Dkt. No. 10-1, Ex. 12 at 198.) The award states, in pertinent part, that the Panel "consider[ed] the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions" in rendering its decision. (*Id.*) Under the FINRA Rules, "[u]nless the applicable law directs otherwise, all awards rendered under the Code are final and are not subject to review or appeal." (Dkt. No. 10-1, Ex. 1 at 91 (FINRA Code of Arbitration Procedure for Customer Disputes, Rule 12904).)

Petitioner filed the instant petition to confirm the award on March 3, 2020. (Dkt. No. 1.) Respondents filed their motion to vacate the award on April 13, 2020. (Dkt. No. 10.) Respondents' motion is fully briefed, (*see* Dkt. Nos. 12 & 15).[7]

//

---

[7] Pursuant to Civil Local Rule 7-3(d)(1), Petitioner objects to the Supplemental Declaration of Respondents' Counsel Rebecca Mastel, (Dkt. No. 14), on the grounds that the exhibit included with Ms. Mastel's declaration is an incomplete portion of the arbitration hearing transcript, (*see* Dkt. No. 16). Petitioner's objection is moot, however, because the challenged evidence is not necessary to resolve the parties' dispute and was not considered by the Court.

**DISCUSSION**

The FAA provides, in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. Section 10(a) of the FAA provides the exclusive grounds on which a court may vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a); *see also U.S. Life Ins. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010) (holding that Section 10 lists the exclusive grounds for vacating an arbitration award). "Section 10(a)'s limited grounds are "designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures." *Id.* (internal quotation marks and citation omitted). "The burden of establishing grounds for vacating an arbitration award is on the party seeking it." *U.S. Life*, 591 F.3d at 1173.

**I.    Motion to Vacate**

Respondents move to vacate the arbitration award pursuant to section 10(a)(3),(4) on the grounds that: (1) the Panel failed to postpone the hearing despite Respondents' showing of good cause; and (2) the Panel failed to allow Respondents "time to conduct adequate discovery." (Dkt. No. 10 at 10, 15.) The gravamen of Respondents' motion is that the Panel acted contrary to the FINRA Rules and in doing so failed to afford Respondents a fundamentally fair hearing.

Petitioner opposes the motion to vacate on the grounds that it is untimely,[8] and that, in any event, Respondents fail to establish grounds for vacatur. (Dkt. No. 12.)

### A.    Respondents' Motion to Vacate is Timely

Under the FAA, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Because the FAA does not provide the procedure "for calculating the 'within three months' period," courts must look to Federal Rule of Civil Procedure 6(a). *Stevens v. Jiffy Lube Int'l, Inc.*, 911 F.3d 1249, 1252 (9th Cir. 2018). Under Rule 6:

> When the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. Civ. P. 6(a)(1).

The Panel issued the arbitration award on January 13, 2020. Thus, Respondents' motion to vacate was due April 12, 2020. *See Stevens*, 911 F.3d at 1252 ("'[C]ount[ing] every day,' Fed. R. Civ. P. 6(a)(1)(B), a month beginning on the fifteenth concludes on the fourteenth of the following month—just as the month beginning January 1 concludes on January 31, not February 1; and just as the week beginning on Monday concludes on Sunday, not the following Monday."). However, because April 12, 2020 was a Sunday, Respondents' motion to vacate was due the next day— April 13, 2020. *See* Fed. R. Civ. P. 6(a)(1)(C). Respondents filed their motion on April 13, 2020; therefore, the motion is timely.

### B.    Respondents Fail to Establish Grounds to Vacate

As previously discussed, Respondents' argument in support of vacatur is two-pronged: (1) the Panel erred in failing to postpone the hearing; and (2) the Panel failed to allow Respondents

---

[8] Petitioner's opposition also asserts that Respondents' motion contains "numerous unsupported factual representations" because they "failed to provide th[e] Court with any transcript of [the arbitration] proceedings." (Dkt. No. 12 at 15.) Petitioner does not, however, specify which factual assertions are unsupported or inaccurate. Thus, the Court declines to address this argument.

6

adequate time to conduct discovery in accordance with FINRA Rules. The Court addresses each argument in turn.

### 1.     Denial of Motion to Postpone

Respondents argue that the Panel's denial of Respondents' motion to postpone the hearing denied "them the discovery process they were entitled to under both due process and the arbitration contract." (Dkt. No. 15 at 4.) They assert that the Panel had no reasonable basis to deny their request, and the denial was instead arbitrary and constitutes misconduct under section 10(a)(3) because it prohibited Respondents from conducting adequate discovery. The Court disagrees.

Arbitrators are "provided with broad discretion and great deference in their determinations of procedural adjournment requests." *Fordjour v. Washington Mut. Bank*, No. C 07-1446 MMC (PR), 2010 WL 2529093, at *5 (N.D. Cal. June 18, 2010). "While the arbitrary denial of a reasonable request for a postponement may serve as a ground for vacating the arbitration award, if there exists a reasonable basis for the arbitrator's considered decision not to grant a postponement, no misconduct will be found." *Id.* (citation omitted). Vacatur under section 10(a)(3) is only warranted if the denial of a postponement denied a party a fundamentally fair arbitration proceeding. *Id.*

Here, the Panel denied Respondents' motion to postpone without comment; however, that is of no moment because "arbitrators are not required to state the reasons for their decisions." *See A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403 (9th Cir. 1992). The record demonstrates at least two reasonable bases for the Panel's decision to deny Respondents' request. First, Respondents' expressly agreed to the discovery deadlines set at the July 26, 2019 scheduling hearing, (*see* Dkt. No. 10-1, Ex. 4 at 114 (noting "[t]he parties have agreed that responses to discovery requests are due 11/08/2019")), and there is no indication that Respondents disagreed with any of the other dates set at the July 2019 hearing, including the November 12-13 arbitration hearing dates. Presumably Respondents were aware of the FINRA Rules at the July 2019 hearing and if they had concerns about the discovery deadlines they could have raised them at that time. They did not do so; instead, they agreed to the schedule. That the Panel did not postpone the

hearing based on concerns Respondents raised roughly 7 weeks later and 2 months before the arbitration hearing based on their "recent review of the case, anticipated discovery, and previously exchanged discovery requests prior to the stay being issued," does not evince misconduct. This is especially true given that Respondents' motion did not specify an actual discovery dispute but asserted only "that there is a high probability that the parties will experience some dispute over discovery." (Dkt. No. 10-1, Ex. 5 at 120.)

Second, Petitioner opposed the request to postpone the hearing. Petitioner's opposition asserted that Respondents failed to "identify anything they need [discovery-wise] that they don't already have," and that Respondents failed to meet and confer in good faith as required under the FINRA Rules. (Dkt. No. 13-2, Ex. B at 2-6.) Either of those grounds constitutes a reasonable basis to deny Respondents' request to postpone.

Finally, and as explained below, Respondents fail to show that the discovery deadlines resulted in a hearing that was not fundamentally fair.

### 2.  Adequate Discovery under the FINRA Rules

Respondents assert that vacatur is warranted pursuant to section 10(a)(4) because the Panel failed to abide by the FINRA Rules in conducting the arbitration; specifically, the discovery processes and timelines set forth in Rules 12503 and 12509 (requiring that written motions to compel discovery, like all motions, be "served at 20 days before a scheduled hearing unless the panel decides otherwise") and Rule 12514 (requiring parties to submit 20 days before the hearing exhibits and list of witnesses they intend to use at the hearing). Respondents argue that the schedule set forth at the July 2019 hearing made compliance with those rules impossible, thereby denying Respondents their "rights under the arbitration contract." (Dkt. No. 10 at 19.)

Respondents' argument has superficial appeal. In submitting to arbitration under the FINRA Rules it is reasonable for a party to expect that the arbitration will be conducted in accordance with those rules. Again, however, the argument is undercut because Respondents *expressly agreed* to the discovery deadlines set at the July 26, 2019 scheduling hearing. (*See* Dkt. No. 10-1, Ex. 4 at 114 ("The parties have agreed that responses to discovery requests are due 11/08/2019").)

8

Of equal importance, Respondents could have raised any discovery or evidentiary issues with the Panel after the Panel denied Respondents' motion to postpone but before the Panel issued its decision in January 2020. "[I]t is well settled that a party may not sit idle through an arbitration procedure and then collaterally attack that procedure on grounds not raised before the arbitrators when the result turns out to be adverse." *Marino v. Writers Guild of Am. E., Inc.*, 992 F.2d 1480, 1484 (9th Cir. 1993). Instead, parties are "required[ ] to raise their complaints about the arbitration during the arbitration process itself, when that is possible." *Id.*

Respondents did not file a motion to compel after obtaining Petitioner's discovery responses. Their assertion that they could not do so because FINRA Rule 12503 "prohibits the submission of motions within twenty (20) days before a hearing" is wrong. (*See* Dkt. No. 10 at 18.) FINRA Rule 12503's 20-day requirement applies to written motions only; the Rule also provides, in pertinent part: "A party may make motions in writing, *or orally during any hearing session*." (Dkt. No. 10-1, Ex. 1 at 57 (FINRA Rule 12503(a)(1) (emphasis added)).) Thus, Respondents could have moved to compel at the arbitration hearing. They did not do so. Nor do Respondents offer evidence or even argue that they otherwise expressly raised an issue with the Panel during the hearing regarding an inability to defend the claims against them based on inadequate discovery.

Respondents also fail to show that the discovery process did not result in "a fundamentally fair hearing." *See Sunshine Min. Co. v. United Steelworkers of Am., AFL-CIO, CLC*, 823 F.2d 1289, 1295 (9th Cir. 1987) (noting that arbitration does not "provide the same procedural protection as do judicial proceedings[,]" and "an arbitrator need only grant the parties a fundamentally fair hearing") (internal quotation marks and citation omitted). "A hearing is fundamentally fair if it meets the minimal requirements of fairness—adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator." *Id.* (internal quotation marks and citation omitted).

Here, Respondents fail to show that they were not afforded an "adequate *opportunity* to present [their] evidence and arguments," or "complete [their] presentation of proof *prior to the arbitration decision*." *See U.S Life*, 591 F.3d at 1175 (emphasis added). Respondents do not

argue that they raised any evidentiary issues with the Panel during the hearing, and following the hearing the Panel requested and received additional evidence from both parties, including documents from Petitioner that were sought by Respondents' discovery request.  Respondents' reply briefing asserts that the post-hearing submissions do not cure the prejudice that resulted from being unable to compel discovery from Petitioner prior to the hearing because after the post-hearing submissions "[t]here was no time allotted for the parties to review the new evidence, no hearing to conduct new testimony, and no invitation for post-hearing briefs." (Dkt. No. 15 at 8.) However, under the FINRA Rules, Respondents could have requested those things but did not do so. (*See* Dkt. No. 10-1, Ex. 1 at 75 (FINRA Rule 12609 ("The panel may reopen the record on its own initiative or upon motion of any party at any time before the award is rendered, unless prohibited by applicable law.").)  Thus, Respondents at least had the *opportunity* to present further argument and evidence after the hearing.  The Panel's failure to reopen the record on its own initiative and absent any notice from Respondents that they could not effectively argue their defense during the hearing does not evince misconduct.

***

In sum, Respondents fail to demonstrate that the Panel engaged in misconduct such that the arbitration hearing was not fundamentally fair.  Accordingly, the Court denies Respondents' motion to vacate the award.

## II.     Petition to Confirm Award

Petitioner seeks an order confirming the January 2020 award under section 9 of the FAA and FINRA Rule 12904, which provides that an award "may be entered as a judgment in any court of competent jurisdiction." (Dkt. No. 1 at ¶ 13.)  The Court confirms the award pursuant to section 9 because Respondents fail to show that vacatur is warranted.

## CONCLUSION

For the reasons stated above, the Court DENIES Respondents' motion to vacate and CONFIRMS the arbitration award in favor of Petitioner.

This Order disposes of Docket Nos. 1 & 10.  The Clerk may close the file.

**IT IS SO ORDERED.**

Dated: June 11, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge